BRETT A. CARTER, ESQ.
Bar No. 5904
CLIFF W. MARCEK, ESQ.
Bar No. 5061
**BERTOLDO CARTER SMITH & CULLEN**
7408 W. Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 228-2600
Facsimile: (702) 228-2333
E-mail: cmarcek@NVLegalJustice.com
carter@nvlegaljustice.com
*Attorneys for Plaintiff*
*MARIA BRIDENBAUGH*
*JOHN BRIDENBAUGH*

## UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

\* \* \*

| | |
|---|---|
| MARIA BRIDENBAUGH, Individually; and JOHN BRIDENBAUGH, Individually;<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation; DOES 1 through 20; and ROE BUSINESS ENTITIES 1 through 20,<br><br>Defendants. | CASE NO.: 2:24-CV-00188-GAW-BNW<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED**[1] |

Plaintiff's **MARIA BRIDENBAUGH AND JOHN BRIDENBAUGH** (hereinafter "Plaintiff"), by and through their attorneys of record, Brett A. Carter, Esq. and Cliff W. Marcek Esq., of Bertoldo Carter Smith & Cullen, and Defendant **FORD MOTOR COMPANY** (hereinafter "Defendant"), by and through its attorney of record, Dawn L. Davis, Esq., of Snell & Wilmer, LLP, hereby submit this Proposed Joint Discovery Plan and Scheduling Order.

---

[1] The parties are asking for a little extra time with discovery because it's a product defect case with the occasional complexities of that type of case. However, the parties are aware of the Plaintiff's ages, MARIA is 82 and JOHN is 84 and the discovery must proceed expeditiously.

**Basis for Special Scheduling Review**

On November 21, 2021, Plaintiffs were returning from a trip to Oxnard, California, in the Subject Vehicle. JOHN was driving and MARIA was traveling in the passenger seat. While merging onto the 1-15 freeway from the 210 freeway, JOHN inadvertently activated the seat heater switch on the driver's side of the Subject Vehicle. JOHN asked MARIA to look at the manual to determine how to turn it off. After looking at the manual, she manipulated the seat heater switch on her side of the vehicle to see how to shut it off. She unknowingly left the seat heater activated on her side of the seat for the duration of the trip.

MARIA had been injured in a hot air ballon incident over 40 years ago, suffering a spinal cord injury at the T6 level. As a result, she had no feeling from the mid-chest to her lower extremities. Therefore, she could not detect that the seat heater was unknowingly left in an energized state on her side of the car for the duration of the four-hour trip. After returning home to Las Vegas, Nevada, as JOHN was assisting his wife to get into bed, he noticed significant burn injuries to MARIA'S buttocks, and he rushed her to University Medical Center (UMC) for medical treatment.

**Fed. R. Civ. P. 26(f) Conference.**

The parties participated in the Fed. R. Civ. P 26(f) conference on **February 21, 2024**, and there were no discovery disputes at that time. The parties agree to submit their initial disclosures within two weeks of the Rule 26(f) conference. The parties will also propound and respond to written discovery, take depositions and subpoena documents; the parties also agreed to exchange any respective supplemental disclosures in a timely manner.

After discussing the evidence in this case, counsel for the parties believe that the parties can conclude discovery nine months from date March 15, 2024. Discovery will be needed to complete discovery and be prepared for trial. Below is the parties proposed schedule:

1.  **Discovery Cut-Off Date:** The parties participated in the Fed. R. Civ. P 26(f) conference on **February 21, 2024.** The parties agree that the discovery must be completed no later than **Friday, December 13, 2024**.

2.  **Amending the Pleadings and Adding Parties:** The parties request that all motions to amend the pleadings or to add parties be filed no later than **Friday, September 13, 2024** - 90 days prior to the proposed close of discovery.

3.     **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The plaintiffs request the disclosure of experts be made on or before **Monday, October 14, 2024** – 60 days before the proposed discovery cut-off date. Disclosure of rebuttal experts shall be made by **Wednesday, November 13, 2024** – 30 days after the initial disclosure of experts. The defendant wants staggered expert disclosures with Plaintiffs' disclosing their experts **Friday, September 13, 2024** and defendant disclosing their experts **Friday, October 11, 2024** with rebuttal expert disclosures on or before **Monday, November 11, 2024.**

Plaintiffs believe the timing of expert disclosures should be consistent with the Federal Rules of Civil Procedure in that the Complaint contains specific allegations of the defect and the cause of Maria Bridenbaugh's injury. The plaintiffs will also turn over a preliminary report from a registered professional engineer Patrick Kelley.

Ford requests staggered disclosure of experts in this product liability matter because Plaintiffs allege three causes of action for strict product liability against Ford under theories of manufacturing, design and warning defects. The allegations do not identify the specific manufacturing, design or warning defects. Given the plausibility pleading standard Plaintiffs enjoy, Ford cannot and does not know what Plaintiffs' true defect theory is until receipt of Plaintiffs' expert report. If Ford were required to blindly serve its expert disclosure at the same time as Plaintiffs, all Ford's expert could contend is that nothing about the vehicle at issue is defective, without consideration or any analysis of Plaintiffs' expert's theory of defect. Accordingly, Ford requests that Plaintiffs disclose their expert(s) first, allow Ford's expert(s) to understand and respond with their opinions on Plaintiffs' defect theory 30 days after Plaintiffs' disclosure, and allow Plaintiffs' expert(s) to serve rebuttal reports (if any) thereto 30 days later. Ford's proposal is one it makes in virtually all product liability claims against it and does not lead to an unfair advantage for Ford in any regard – it simply streamlines the expert disclosure process and affords Plaintiffs two opportunities to meet their burden of proof by first disclosing their liability expert(s) theories and opinions and then by rebutting the opinions of Ford's experts. Other courts in this jurisdiction have, and routinely do, adopt staggered expert witness disclosures in product liability cases for the reasons set out above. *See e.g.*, *Claridge v. I-Flow Corporation, et al.*, Case No. 2:18-cv-01654-GMN-BNW at ECF No. 39; *Figueroa v. Ford*, Case No.

2:19-cv-01236-JCM-VCF at ECF No. 10; *Dickinson v. Louisville Ladder, Inc.*, Case No. 2:20-cv-00868-RFB-NJK at ECF No. 17.

**Interim Status Report:** Under recent changes in the rules, the parties will not file an interim status report previously required by LR 26-3.

4. **Dispositive Motions:** The date for filing dispositive motions shall be no later than **Monday, January 13, 2025** – 30 days after the proposed discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

5. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **Wednesday, February 12, 2025** – 30 days after the cut-off date for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed.R.Civ.P. 26(a)(3), and any objections thereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:** Counsel for the parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration and/or an early neutral evaluation. The parties agree that an early neutral evaluation would not be effective at this time as the parties and their counsel believe that it is necessary to conduct discovery before attempting to resolve this case. Finally, the parties and their counsel are not interested in submitting this case to arbitration.

8. **Alternative Forms of Case Disposition:** The parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under Fed. R. Civ. P. 73 and at present do not consent to trial by magistrate or to put the case in the Short Trial Program.

9. **Electronic Evidence:** The parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic

format compatible with the Court's electronic jury evidence display system. At present, the parties have not agreed upon any stipulations regarding use of electronic evidence but will address this issue again in the Pre Trial Order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made no later than 21 days before the subject deadline. Requests to extend discovery deadlines must comply fully with 26-3.

| | |
|---|---|
| DATED: March 14, 2024 | DATED: March 14, 2024 |
| **BERTOLDO CARTER SMITH & CULLEN** | **SNELL & WILMER, LLP** |
| By: */s/ Cliff W. Marcek, Esq.*<br>BRETT A. CARTER, ESQ (NSB #5904)<br>CLIFF W. MARCEK, ESQ (NSB #5061)<br>7408 West Sahara Avenue<br>Las Vegas, NV 89117<br>Telephone: (702) 228-2600<br>Facsimile: (702) 228-2333<br>E-mail: CMarcek@NVLegalJustice.com<br>*Attorneys for Plaintiff*<br>*MARIA BRIDENBAUGH*<br>*JOHN BRIDENBAUGH* | By: */s/ Dawn L. Davis, Esq.*<br>DAWN L. DAVIS, ESQ.<br>(NSB #13329)<br>3883 Howard Hughes Pkwy #1100<br>Las Vegas, NV 89119<br>Telephone: (702) 784-5200<br>Facsimile: (702) 784-5252<br>E-mail:<br>*Attorneys for Defendant*<br>*FORD MOTOR Company* |

*Bridenbaugh v. Ford Motor Company .*
*CASE NO.: 2:24-cv-00188-GAW-BNW*
<u>PROPOSED JOINT DISCOVERY PLAN</u>
<u>AND SCHEDULING ORDER</u>

*Bridenbaugh v. Ford Motor Company*
CASE NO.: 2:24-cv-00188-GAW-BNW
<u>PROPOSED JOINT DISCOVERY PLAN</u>
<u>AND SCHEDULING ORDER</u>

## <u>ORDER</u>

The Joint Discovery Plan and Scheduling Order is hereby GRANTED. Finding good cause, the Court adopts the staggered discovery deadlines in paragraph 3 as moved by Defendant.

IT IS SO ORDERED.

Dated: 3/15/2024

_____
**UNITED STATES MAGISTRATE JUDGE**