**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARIA BRIDENBAUGH, *et al.*,<br>Plaintiffs,<br>vs.<br>FORD MOTOR COMPANY,<br>Defendants. | Case No.: 2:24-cv-00188-GMN-BNW<br><br>**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pending before the Court is the Motion for Partial Summary Judgment, (ECF No. 35), filed by Plaintiffs Maria and John Bridenbaugh. Defendant Ford Motor Company ("Ford") filed a Response, (ECF No. 38), to which Plaintiffs filed a Reply, (ECF No. 41). Further pending before the Court is Plaintiffs' Motion to Expedite, (ECF No. 45). Ford did not file a Response, and the time to do so has passed. (*See* Mot. Expedite, ECF No. 45) (setting an April 7, 2026, deadline for Responses).

For the reasons discussed below, the Court DENIES Plaintiffs' Motion for Partial Summary Judgment and DENIES Plaintiffs' Motion to Expedite as moot.

## I. <u>BACKGROUND</u>

This case arises out of serious burns suffered by Plaintiff Maria Bridenbaugh while riding in the front passenger seat of a 2010 Lincoln Town Car (the "Vehicle"). (Reply 5:22–6:15, ECF No. 41); (Resp. 2:18–3:24, ECF No. 38).[1] Maria has been a T6 complete paraplegic since sustaining a spinal cord injury in a hot air balloon accident in 1982. (Reply 5:22–24) (citing M. Bridenbaugh Dep. 1921–20:20, Ex. 6 to Mot. Partial Summ. J., ECF No. 35-6). As a result, she has no feeling in her body below her mid-chest area. (*Id.* 5:25–26). On November

[1] As discussed below, Plaintiffs did not include a statement of undisputed facts in their Motion for Partial Summary Judgment as required by Local Rule 56-1. However, they did include a statement of undisputed facts in their Reply, which the Court refers to here.

21, 2021, Plaintiffs drove from Oxnard, California to Las Vegas, Nevada in the Vehicle, with Maria riding in the front passenger seat and her husband, Plaintiff John Bridenbaugh, driving the Vehicle. (*Id.* 6:1–3); (Resp. 2:21–22). Both front seats were equipped with seat heaters which are designed not to exceed 113° F. (Reply 6:16–18) (citing Seat Sys. Design Spec. at 2, Ex. 1 to Mot. Partial Summ. J., ECF No. 35-1); (Resp. 6:1–4).

During the drive, John's seat heater turned on, and he asked Maria to figure out how to turn the heater off. (Reply 6:7–8). Maria then retrieved the Vehicle owner's manual and showed her husband how to turn the seat heater off by turning hers on. (*Id.* 6:9–11); (Resp. 3:18–20). The page of the owner's manual describing the seat heaters contained a warning which provided, in pertinent part, that "[t]he seat heater may cause burns even at low temperatures, especially if used for long periods of time." (Resp. 3:1–17) (citing M. Bridenbaugh Dep. 65:15–17, 87:8–88:5, Ex. 6 to Mot. Partial Summ. J.); (*see* Owner's Manual at 5, Ex. A to Davis Decl., ECF No. 39-1). Unbeknownst to Maria, her seat heater remained on for the remainder of the drive. (Reply 6:12–13); (Resp. 3:21–22). When Maria and John returned home, they discovered that Maria had sustained burn injuries to her upper thighs and buttocks area. (Reply 6:14–15); (Resp. 3:23–24).

Plaintiffs originally brought suit in the Eighth Judicial District Court of Clark County, Nevada, asserting the following claims against Ford: (1) manufacturing defect, (2) design defect, (3) defective warnings, (4) negligence, and (5) loss of consortium. (Compl. ¶¶ 23–69, Ex. A to Pet. Removal, ECF No. 1-1). Ford thereafter removed to this Court. (Pet. Removal, ECF No. 1). Plaintiffs now move for summary judgment on their design defect claim. (*See generally* Mot. Partial Summ. J.).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 56 provides for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation marks and citation omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be

denied, and the court need not consider the nonmoving party's evidence. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987) (quoting *First Nat'l Bank of Ariz.*, 391 U.S. at 288–89). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co.*, 475 U.S. at 586). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmoving party is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable

or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. DISCUSSION

Plaintiffs move for summary judgment on their design defect claim, arguing that the Vehicle's seat heater was defectively designed and unreasonably dangerous. (*See generally* Mot. Partial Summ. J.). In Response, Ford first argues that Plaintiffs' Motion should be denied for failure to comply with Local Rule 56-1, which requires that motions for summary judgment "include a concise statement setting forth each fact material to the disposition of the motion that the party claims is or is not genuinely in issue, citing the particular portions of any pleading, affidavit, deposition, interrogatory, answer, admission, or other evidence on which the party relies." LR 56-1. The Court addresses this threshold argument before turning to the merits of Plaintiffs' motion.

### A. Compliance with LR 56-1

As Plaintiffs admit in their Reply, their Motion for Partial Summary Judgment does not contain a concise statement setting forth material facts which the party claims is or is not genuinely in issue. (*See generally* Mot. Partial Summ. J.); (Reply 3:20–28). Ford argues that this justifies denial of the Motion, citing several other cases in this District in support. (Resp. 4:9–5:8). Courts in this District routinely decline to reach the merits of a summary judgment motion which contains no statements of undisputed facts as required by Local Rule 56-1. *See John Bordynuik, Inc. v. JBI, Inc.*, No. 2:13-cv-01463-RFB-VCF, 2015 WL 153439, at *3 (D. Nev. Jan. 13, 2015) (collecting cases). However, some courts overlook noncompliance with Local Rule 56-1 when all material facts are obvious from the motion and the attached evidence. *See, e.g.*, *Riggs Mktg. Inc. v. Mitchell*, 993 F. Supp. 1301, 1304 (D. Nev. 1997). That is the case here. Plaintiffs' Motion summarizes the material facts at issue with citations to the record, and while it contains some disputed argument alongside undisputed facts, they are readily distinguishable. (*See* Mot. Partial Summ. J. 5:4–28). Accordingly, the Court declines to deny

the Motion on this basis alone and proceeds to the merits.

**B. Plaintiff's Design Defect Claim**

Under Nevada law, to prevail on a claim of strict products liability for design defect, a plaintiff must prove that: (1) the defendant placed a defective product in the market; (2) the product was defective when it left the defendant's possession; and (3) the defect caused plaintiff's injuries. *Ford Motor Co. v. Trejo*, 402 P.3d 649, 653 (Nev. 2017) (citing *Shoshone Coca-Cola Bottling Co. v. Dolinski*, 420 P.2d 855, 867–58 (Nev. 1966)). Nevada applies the consumer expectation test to determine whether a product is defective. *Id.* A product is defective when it "fail[s] to perform in a manner reasonably to be expected in light of its nature and intended function and [is] more dangerous than would be contemplated by the ordinary user." *Id.* (quoting *Ginnis v. Mapes Hotel Corp.*, 470 P.2d 135, 138 (Nev. 1970)) (internal quotation marks omitted). A consumer's reasonable expectation may be influenced by warnings that accompany a product. *Id.* at 656.

"When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *C.A.R. Transp. Brokerage Co.*, 213 F.3d at 480 (quoting *Houghton v. South*, 965 F.2d 1532, 1536 (9th Cir. 1992)). Plaintiffs argue that that the Vehicle's seat heaters do not function in a manner that would be expected by an ordinary consumer because the seat heaters are designed not to exceed 113° F. (Mot. Partial Summ. J. 7:13–21). Plaintiffs further contend that based on a scientific study that Ford itself relied on in designing the seat heater, "sustained exposure to temperatures at or near 113° F causes burns to human skin." (*Id.* 7:17–18) (citing Moritz Study, Ex. 3 to Mot. Partial Summ. J., ECF No. 35-3); (Reply 9:7–10). The upshot of Plaintiffs' argument is that an ordinary consumer would not expect a seat heater to reach temperatures capable of causing burns during normal use. (Mot. Partial Summ. J. 10:9–13).

The Court concludes that, based on the evidence submitted by Plaintiffs, a reasonable juror could find that the seat heaters were not defective under the consumer expectation test. While an ordinary consumer may be surprised to discover that the maximum temperature of a seat heater can cause burns, as the Nevada Supreme Court has explained, a consumer's reasonable expectation may be influenced by warnings that accompany a product. *Trejo*, 402 P.3d at 656. For example, the Ninth Circuit in *Miller v. DePuy Synthes Sales, Inc.*, 837 F. App'x 472 (9th Cir. 2020), applying Nevada law, concluded that a leg implant did not run afoul of the consumer expectation test because it came with warnings that "put a reasonable consumer on notice that in the worst case, the device could fail." 837 F. App'x at 474.[2] Here, as Ford points out, the Vehicle owner's manual contained a warning which provided that "[t]he seat heater may cause burns even at low temperatures, especially if used for long periods of time." (Owner's Manual at 5, Ex. A to Davis Decl.).

Ultimately, reasonable jurors could disagree on whether the Vehicle's seat heaters were "more dangerous than would be contemplated by the ordinary user." *Trejo*, 402 P.3d at 653. Given the fact-dependent nature of the consumer expectation test, the capacity of the seat heater's maximum temperature to cause burns is not sufficient to show that they were defective as a matter of law. *See Diaz*, 521 F.3d at 1207 ("Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor."). Accordingly, the Court finds that Plaintiffs have failed to meet their initial burden and DENIES their Motion for Partial Summary Judgment.[3]

///

---

[2] The Court notes that *Miller* was a memorandum disposition and cites it here as persuasive authority, not as binding legal precedent. *See* U.S. Ct. of App. 9th Cir. Rule 36-3; *Grimm v. City of Portland*, 971 F.3d 1060, 1067 (9th Cir. 2020) (explaining that "although memorandum dispositions can be cited, and may prove useful," they should not be used "as the pivotal basis for a legal ruling").

[3] Because the Court concludes that Plaintiffs have failed to meet their burden with respect to whether the device was defective, the Court need not reach the causation element of the design defect standard. *Trejo*, 402 P.3d at 653.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, (ECF No. 35), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite, (ECF No. 45), is **DENIED** as moot.

Accordingly, all of Plaintiffs' claims remain. **IT IS FURTHER ORDERED** that the parties must file a Joint Pretrial Order no later than October 26, 2026.

**DATED** this 28 day of September, 2026.

Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT